UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
1369 MADRID STREET                                    CIVIL ACTION NO. 20-CV-2406
NEW ORLEANS, LOUISIANA 70122

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

## NATURE OF THE ACTION

This is a civil action in rem brought to forfeit and condemn to the United States 1369 Madrid Street, New Orleans, Louisiana (the "defendant property"), representing property which is derived from proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344, and thus, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C); and representing property which is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, in violation of 18 U.S.C. § 1343, and, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(D).

## JURISDICTION AND VENUE

The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over this action for forfeiture under 28 U.S.C. §§ 1355(a) and 2461(a), and 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(D).

This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff will not request that the Court issue an arrest warrant

in rem pursuant to Supplemental Rule G(3)(b).

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

The defendant property consists of the property located at 1369 Madrid Street, New Orleans, Louisiana 70122 ("defendant property"), with all appurtenances, improvements, and attachments thereon, and is more fully described below:

> Situated in the Third Municipal District of the City of New Orleans, State of Louisiana, in that subdivision thereof known as Spanish Fort, in Square 5 thereof, bounded by Aviators and Madrid Streets and Carter and St. Bernard Avenues and designated as Lot 40 on plan of survey by Sterling E. Mandie, RLS, dated April 24, 1980, annexed to NA #370806 and according thereto said lot commences 165 feet from its intersection with Cartier Avnue and fronts thence 25 feet on the northerly side of Madrid Street, has the same within the rear by a depth between equal and parallel lines of 100 feet.
>
> The improvements thereon bear the Municipal No. of 1369 Madrid Street, New Orleans, Louisiana 70122.

## FACTS

1. On June 12, 2020, Brookland Realty, LLC, purchased defendant property located at 1369 Madrid Street, New Orleans, LA 70122. This property was purchased for $125,000 by Richard Hebert and Madelin Hebert on behalf of Brookland Realty, LLC. These funds originated from Wells Fargo Business Checking Account Number XXXXXX8503, in the name of Brookland Realty, LLC, 1746 Wedgwood Drive, Harvey, LA 70058 ("Brookland Realty Acct. No. 8503").

### Paycheck Protection Program

2. The Paycheck Protection Program ("PPP") provides small businesses with resources to maintain their payroll, to hire back employees who may have been laid off, and to cover applicable overhead expenses. The PPP is a loan designed to provide a direct incentive for small businesses to keep their employees on the payroll. Companies that legitimately file

and apply for PPP loans are granted more funds based on the amount of employees that are employed there. The PPP is implemented by the Small Business Administration ("SBA") with support from the Department of the Treasury. The program provides small businesses with funds to pay up to eight weeks of payroll costs. In return, the SBA will forgive loans if all employee retention criteria are met, and the funds are used for eligible expenses. The SBA website advises that businesses can "apply through any existing SBA 7(a) lender or through any federally insured depository institution, federally insured credit union, and Farm Credit System institution that is participating." Other regulated lenders will be available to make these loans once they are approved and enrolled in the program.

3. According to the PPP Interim Final Rule, one of the requirements for eligibility for a PPP loan is that a business be "in operation on February 15, 2020 and either had employees for whom you paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099–MISC." Another requirement is that each applicant for a PPP loan "submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099–MISC, or income and expenses from a sole proprietorship. For borrowers that do not have any such documentation, the borrower must provide other supporting documentation, such as bank records, sufficient to demonstrate the qualifying payroll amount."

## KBI PPP Loan Application

4. On approximately May 1, 2020, a PPP loan application on behalf of K Bear Investments ("KBI") for $414,520.62 was submitted to Gulf Coast Bank, located in Abbeville, LA, by applicant, Richard Hebert, 1746 Wedgwood, Harvey, LA.[1] The application was

---

[1] A Louisiana corporate database search revealed that the sole Manager/Member of KBI was Richard Hebert, and the business address was listed as 3170 St. Bernard Ave., New Orleans, LA.

3

finalized with an e-signature on May 6, 2020. Among other representations, Hebert certified that KBI was in operation on February 15, 2020, and had employees for whom he paid salaries and payroll taxes, or paid independent contractors. He further certified that he had not received any other PPP loan proceeds, and that he would use the funds to pay his employees, or to make mortgage payment and utility payments. The PPP loan application stated that KBI had 17 employees and had an average monthly payroll of $165,808.25. At the time of the application of this loan, Hebert and/or his wife had submitted at least one previous PPP loan application.

5. Also submitted with the KBI loan application was a listing of his 17 supposed KBI employees with their duties and wages. Many of these names were the same as supposed employees of other companies owned or partially owned by Hebert, whose corresponding social security numbers did not match the names and, thus, these employee names are likely fictitious persons.

6. Based on the representations made in the KBI PPP loan application, Gulf Coast Bank approved and funded the loan for $414,520.62. Consequently, on May 12, 2020, Gulf Coast Bank wired $414,520.62 to Brookland Realty Acct. No. 8503.

### HREH PPP Loan Application

7. On May 15, 2020, a PPP loan application on behalf of Hebert Real Estate Holdings, LLC ("HREH") for $554,770.00 was submitted to Gulf Coast Bank, located in Abbeville, LA, by applicant, Richard Hebert.[2] Hebert was listed as the owner of HREH on the application. Among other representations, Hebert certified that HREH was in operation on February 15, 2020, and had employees for whom he paid salaries and payroll taxes, or paid

---

2 A Louisiana corporate database search revealed that the sole Manager/Member of HREH was Richard Hebert, and the business address was 1746 Wedgwood Dr., Harvey, LA.

4

independent contractors. He further certified that he had not received any other PPP loan proceeds, and that he would use the funds to pay his employees, or to make mortgage payments and utility payments. Hebert represented on the PPP loan application that HREH had 27 employees and had an average monthly payroll of $221,908.00. At the time of the application of this loan, Hebert had submitted at least one previous PPP loan application.

8. Also submitted with the HREH loan application were 27 W-2 tax forms for 27 supposed employees of HREH. The social security numbers listed on the W-2 tax forms are numbers assigned to individuals other than those listed on the 27 submitted W-2 tax forms, an indication of identity theft.

9. Based on the representations made in the HREH PPP loan application, Gulf Coast Bank approved and funded the loan for $554,770.00. Consequently, on May 29, 2020, Gulf Coast Bank wired $554,770.00 to Brookland Realty Acct. No. 8503.

## IC&DG PPP Loan Application

10. On approximately April 28, 2020, a PPP loan application on behalf of Interstate Construction & Demolition Group, Inc. ("IC&DG") for $402,000.00 was submitted to Gulf Coast Bank & Trust, located in New Orleans, LA, by applicant, Madelin Hebert, wife of Richard Hebert.[3] Madelin Hebert e-signed the application on April 28, 2020, as the owner, and later e-signed other documents on May 7, 2020. The PPP loan application indicated that IC&DG had 17 employees and an average monthly payroll of $160,808.00.

11. Also submitted with the IC&DG loan application was a listing of the 17 supposed IC&DG employees; W-2 tax forms for these 17 was not submitted. Many of these

---

3 A Louisiana corporate database search revealed that the two officers for IC&DG were Richard Hebert and Elvin Sterling, Jr., the registered agent was Madelin Hebert, and the business address was 1616 N. Acadian Thruway, Baton Rouge, LA.

5

names were the same names of supposed employees listed in submitted PPP loan applications for at least the following three companies: Interstate Construction Group ("ICG") submitted on June 16, 2020, by Richard Hebert and Elvin Sterling, Jr. to B1 Bank; R&M Builders & Real Estate, LLC., submitted by Richard Hebert to B1 Bank[4]; and KBI submitted by Richard Hebert. Many of those supposed employees' names did not match the corresponding social security numbers on the submitted W-2 tax forms.

12. Based on the representations made in the IC&DG loan application, Gulf Coast Bank & Trust approved and funded the loan for $402,000.00. Consequently, at the direction of Madelin Hebert, Gulf Coast Bank & Trust wired $402,000.00 on May 14, 2020, to Iberia Bank Account No. XXXXXX1591, an account in the name of Richard Hebert. On May 18, 2020, $200,000.00 of this money was transferred to Brookland Realty Acct. No. 8503.

### IC&DG EIDL Loan Application

13. In approximately early May 2020, Richard Hebert applied for an Economic Injury Disaster Loan ("EIDL") on behalf of IC&DG. EIDL loans are made directly to the Small Business Administration ("SBA"). The purpose of an EIDL loan is to provide economic relief to businesses that were experiencing a temporary loss of revenue. The proceeds can be used to cover a wide array of working capital and normal operating expenses such as continuation of rent, utility, and health care benefits. The SBA determines the amount of the loan based on the economic injury suffered by the business and the number of employees submitted in the application.

14. The application listed the address for IC&DG as 1616 N. Acadian Thruway,

---

[4] B1Bank did not approve the loan application for R&M partially because of suspicious figures on the submitted W-2 tax forms. B1Bank did approve and fund the ICG loan but later realized that it also contained indicators of fraud.

Baton Rouge, LA, and listed the two owners as follows: Richard Hebert as 30% owner and Elvin Sterling as 70% owner. The loan request was for an amount of $150,000.00 for "economic injury."

15. IC&DG appears to be same company for which Madelin Hebert submitted a PPP loan application approximately two weeks earlier. Also, the listed address for both IC&DG companies was the same: 1616 N. Acadian Thruway, Baton Rouge, LA.

16. Based on the representations made in the IC&DG EIDL loan application, the SBA approved and funded the loan for $402,000.00. As a result, the SBA wired $149,900.00[5] on May 19, 2020, to Brookland Realty Acct. No. 8503.

### The 2020 Sale of the Defendant Property

17. On June 15, 2020, a Cash Sale pertaining to the defendant property was filed into the records of the Clerk of Court's Office in Orleans Parish in the State of Louisiana. This Cash Sale was signed on June 12, 2020, by the seller, Gregory Michael Alugas, and the buyers, Richard Hebert and Madelin Hebert, listed as agents for Brookland Realty, LLC, and listing the price as $125,000.00 cash. The Rider to the Cash Sale listed the address for Brookland Realty, LLC, as 1746 Wedgwood Drive, Harvey, LA, the residence of Richard and Madelin Hebert.

18. A signed offer on the defendant property dated June 1, 2020, listed the sales price as $125,000. The Settlement Statement, which listed the settlement date as June 12, 2020, listed the contract sales price of the defendant property as $125,000. Acknowledgment of receipt of this statement was signed by the seller, Gregory Michael Alugas, and the buyers, Richard Hebert and Madelin Hebert, listed as agents for Brookland Realty, LLC. The statement listed the

---

5 The original loan request was for $150,000. After a $100 filing fee was deducted, $149,900 was funded to the Wells Fargo Bank account.

amount due from the buyer at the closing was $127,285.75, less the $1,000 previously paid by the buyer.

19. Southern Title, the title company that handled the closing, received a check for $1,000 (Check No. 2010) on June 4, 2020, from Brookland Realty, LLC. Southern Title also received a cashier's check (No. 6718201431) on June 12, 2020, from Richard Hebert in the amount of $126,285.75.

20. Records from Wells Fargo Business Checking Account Number XXXXXX8503, in the name of Brookland Realty, LLC, 1746 Wedgwood Drive, Harvey, LA 70058 ("Brookland Realty Acct. No. 8503"), which was opened on April 22, 2020, showed an in-branch withdrawal on June 10, 2020, of $126,295.75. These funds were used to purchase the cashier's check for $126,285.75 to Southern Title for the purchase of defendant property. Also, check number 2010 from Brookland Realty Acct. No. 8503 in the amount of $1,000.00 was made payable to Southern Title. Listed in the memo line of check number 2010 was "1369 Madrid St."

21. The credits into Brookland Realty Acct. No. 8503 for the month-long period immediately prior to the purchase of defendant property were primarily the result of four deposits traceable to four separate fraudulently-submitted loan applications by Richard Hebert: three PPP applications under the names of KBI, HREH, and IC&DG, and one EIDL application under the name of IC&DG.

## **<u>LAW</u>**

18 U.S.C. § 981 – Civil Forfeiture

(a)(1) The following property is subject to forfeiture to the United States

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section … 1344 of this title ….

(D) Any property, real or personal, which represents or is traceable to the gross receipts

obtained, directly or indirectly, from a violation of … (vi) section 1343 (relating to wire fraud) ….

## BASIS FOR FORFEITURE

The defendant property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), because it represents proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344; and is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(D), because it represents property which is traceable to the gross receipts obtained, directly or indirectly, from a violation of wire fraud, in violation of 18 U.S.C. § 1343.

Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(D).

WHEREFORE, the plaintiff requests that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.casey@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
1369 MADRID STREET
NEW ORLEANS, LOUISIANA 70122

CIVIL ACTION NO. 20-CV-2406

## VERIFICATION

I, Kevin Bodden, hereby verify and declare under penalty of perjury that I am a Senior Special Agent with the United States Secret Service, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Senior Special Agent with the United States Secret Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 30 day of August, 2020.

KEVIN BODDEN
Senior Special Agent
United States Secret Service

10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
1369 Madrid Street New Orleans, Louisiana 70122

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Brad Casey, AUSA
777 Florida Street, Suite 208
Baton Rouge, LA 70801 Tel: 225-389-0443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [X] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, United States Code, Section 1331(a) Federal Question - Real Property
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/02/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/: J. Brady Casey

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 20-CV-2406 |
| 1369 Madrid Street<br>New Orleans, Louisiana 70122 | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* 1369 Madrid Street, New Orleans, Louisiana 70122

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    J. Brady Casey
    Assistant United States Attorney
    777 Florida Street, Suite 208
    Baton Rouge, Louisiana 70122

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 20-CV-2406

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: