UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| v. | NO. 20-2406 |
| LAND | SECTION "F" |
| *Real Property Located at 1369 Madrid Street,* *New Orleans, LA 70122* | |

ORDER AND REASONS

Before the Court is the fifth motion filed by non-party *pro se* movants, Brookland Realty LLC and Richard Hebert, Jr. in this *in rem* civil asset forfeiture case: they request that the Court set aside the Clerk of Court's entry of default.  For the reasons that follow, the motion is DENIED, and the movants are again admonished that persisting in seeking relief from the Court without invoking any authority in support of the relief requested will prompt the Court to restrict filings and impose sanctions.

**Background**

This is a forfeiture *in rem* proceeding against real property located at 1369 Madrid Street in New Orleans.  The defendant property, the government alleges in its verified complaint, was purchased in June 2020 by Richard and Madelin Hebert with funds

1

derived from submission of fraudulent loan applications and from proceeds obtained from bank and wire fraud, rendering the property subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(D).

On September 25, 2020, the United States filed a *lis pendens* in Orleans Parish where the defendant property is located.  On October 26, 2020, the government submits that it mailed notice of its complaint for forfeiture by certified mail to those who may have had an interest in (indeed, those whom the government alleges own) the defendant property: Richard Hebert, Madelin Hebert, and Brookland Realty.  The certified mailings were signed as received on November 4, 2020.[1]  The notice of complaint, among other things, advises as to deadline for filing, and contents of, a verified claim, which must be signed under penalty of perjury; directs the claimant to governing Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions; directs that a claimant must follow any verified claim with an answer; advises how and where to file the verified claim and answer and to serve such on the United States.  In closing, the notice of complaint provides: "**Failure to follow the requirements ... may result in**

---

[1] Copies of the complaint were also mailed by certified mail to Richard Hebert's attorney, Glen Peterson, which receipt was signed as received on October 28, 2020; and to Madelin Hebert's attorney, Michael S. Walsh, which receipt was signed as received on October 28, 2020.  No attorney has appeared to represent the Heberts in this proceeding.

2

**judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests.**" (emphasis in original).

Failing to heed this process and the notice of complaint for forfeiture, no verified claims have been filed in this proceeding. Brookland Realty, LLC, the alleged owner of the defendant property, through Richard Hebert, the alleged owner of Brookland Realty, previously moved to discharge the *lis pendens* and to dismiss this civil action for lack of notice.  On December 1, 2020, the Court denied the motions, noting that the property had yet to be seized and the deadline for serving notice had not yet expired.  On February 8, 2021, the Court denied Brookland Realty and Richard Hebert, Jr.'s requests to suppress evidence and for certain seized property be returned.  On March 8, 2021, the Court granted the government's motion seeking an entry of default as to the defendant property and all persons claiming in interest in the property for failure to timely claim, answer, or otherwise defend the action. Hebert and Brookland Realty LLC now move to set aside that entry of default.  Notwithstanding their plea that they be excused from their failure to file a verified claim or answer, still no such claim or answer has been filed.

I.

Movants request that the Court set aside the preliminary entry of default to allow them to answer the government's complaint.

3

They suggest that they should be excused for their ignorance of procedure and that they should be allowed an opportunity to file their verified claim; they suggest that they mistakenly filed a motion to suppress instead of a claim form.  Now, after finally acknowledging that they must file a claim, they still have not done so.  This is so despite the fact that they have received actual notice that a claim must be filed in order to have standing to challenge the forfeiture.  This continuing defect prevents the Court from entertaining any relief.

As this Court previously observed when faced with a motion by the movants: if any claimant wished to assert a right or interest in the defendant property, Supplemental Rule G obliged such putative claimant to file a timely verified claim ("at least 35 days after the notice is sent", Rule G(4)(b)(ii)(B) deadline) and an answer ("within 21 days of filing the claim", as mandated by Rule G(5)(b)).  No claim or answer has been filed into the record of this proceeding.  Movants admit they have not complied with this process, despite ample notice of the straightforward requirements.

On March 5, 2021, the government filed a motion requesting that the Clerk of Court enter a preliminary default.  Three days later, the Clerk of Court entered a default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  The government submits that Richard Hebert and Brookland Realty lack standing to

4

object to the entry of default and have failed to show good cause to disturb the entry of default under Rule 55(c). The Court agrees.

Despite receiving specific and ample notice, movants have failed to comply with the simple requirements for failing a verified claim. Both lack statutory standing to contest this forfeiture or object to the Clerk's entry of default.[2] Even if they did have statutory standing, they have not shown good cause to set aside the entry of default, as Rule 55(c) requires. The movants have been on notice throughout these proceedings that they must strictly comply with the verified claim and answer requirements of the Supplemental Rules. And the notice clearly sets forth the specific requirements, rules, and deadlines to file a claim and answer. The notice likewise warned of the consequences of failing to file such a claim, that failure to follow the straightforward requirements "may result in judgment of default."

---

[2] Standing is a threshold issue: "[a] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest sufficient to satisfy the court of its standing to contest the forfeiture." United States v. $321,470 in U.S. Currency, 874 F.2d 298, 303 (5th Cir. 1989)(citation omitted). Filing a verified claim is an essential element of standing to contest forfeiture; the government's complaint cannot confer standing. The government has offered ample case law outlining the statutory standing requirements, which the movants admit they have not met. Again, there is nothing in the record of this proceeding indicating that any verified claim or answer has been filed in accordance with Supplemental Rule G that would support a finding of statutory standing by any putative claimant.

The movants received notice on more than one occasion and have had ample opportunities to file their claim. Where, as here, movants offer no reasonable explanation for their failure to file the claim and answer about which they have been on notice from the government and from this Court's prior rulings on their various motions, the motion to set aside the Clerk's entry of default must be denied for lack of good cause.

Accordingly, IT IS ORDERED: that the motion to set aside entry of default by Brookland Realty LLC and Richard Hebert, Jr. is hereby DENIED.

New Orleans, Louisiana, May 7, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE