UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CIVIL ACTION

v.                                                NO. 20-2406

LAND                                              SECTION "F"
*Real Property Located at 1369 Madrid Street,*
*New Orleans, LA 70122*


ORDER AND REASONS

Before the Court is a motion to strike Richard Hebert's claim and answer by the United States of America.  For the reasons that follow, the motion is GRANTED.

**Background**

This is a forfeiture *in rem* proceeding against real property located at 1369 Madrid Street in New Orleans.  The defendant property, the government alleges in its verified complaint, was purchased in June 2020 by Richard and Madelin Hebert with funds derived from submission of fraudulent loan applications and from proceeds obtained from bank and wire fraud, rendering the property subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(D).

1

On September 2, 2020, a verified complaint for forfeiture was filed against the defendant property and on September 25, 2020, the United States filed a *lis pendens* in Orleans Parish where the defendant property is located.  On October 26, 2020, the government submits that it mailed notice of its complaint for forfeiture by certified mail to those who may have had an interest in (indeed, those whom the government alleges own) the defendant property: Richard Hebert, Madelin Hebert, and Brookland Realty.   The certified mailings were signed as received on November 4, 2020.[1] The notice of complaint, among other things, advises as to deadline for filing, and contents of, a verified claim, which must be signed under penalty of perjury; directs the claimant to governing Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions; directs that a claimant must follow any verified claim with an answer; advises how and where to file the verified claim and answer and to serve such on the United States. In closing, the notice of complaint provides in conspicuous bold print: "**Failure to follow the requirements ... may result in judgment by default taken against you for relief demanded in the Complaint.  You may wish to seek legal advice to protect your**

---

[1] Copies of the complaint were also mailed by certified mail to Richard Hebert's attorney, Glen Peterson, which receipt was signed as received on October 28, 2020; and to Madelin Hebert's attorney, Michael S. Walsh, which receipt was signed as received on October 28, 2020.  No attorney has appeared to represent the Heberts in this proceeding.

**interests**." The government also published notice for 30 consecutive days with a 60-day time limit to file an answer.

Failing to heed this process and the notice of complaint for forfeiture, a verified claim and answer was not filed until May 26, 2021, six months after receiving notice.  Brookland Realty, LLC, the alleged owner of the defendant property, through Richard Hebert, the alleged owner of Brookland Realty, previously moved to discharge the *lis pendens* and to dismiss this civil action for lack of notice.  On December 1, 2020, the Court denied the motions, noting that the property had yet to be seized and the deadline for serving notice had not yet expired.  On February 8, 2021, the Court denied Brookland Realty and Richard Hebert, Jr.'s requests to suppress evidence and for certain seized property be returned.

On May 26, 2021, Hebert filed a claim and answer which generally denied the allegations and complaint of forfeiture.[2] Then on September 30, 2021, the Court again denied Brookland Realty and Richard Hebert, Jr.'s motion to expunge *lis pendens*. The government now moves to strike Hebert's claim and answer.[3]

---

[2] Other claimants filed claims and answers, but each has since moved for and been granted dismissal of such claims.
[3] Richard Hebert filed a Motion in Opposition to Strike, which repeated his contentions from his answer.  The motion does not offer an explanation for his failure to timely file a claim and answer and instead contends that the government lacks standing because it fails to allege it is suffering an injury in fact.

I.

Under Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, a claimant that wishes to assert a right or interest in the defendant property must file a timely verified claim ("at least 35 days after the notice is sent," Rule G(4)(b)(ii)(B) deadline) and an answer ("within 21 days of filing the claim," as mandated by Rule G(5)(B)). "Strict compliance with Rule G(5) is required" and failure to comply generally leaves a claimant without statutory standing. United States v. U.S. Currency, No. 6:20-CV-01295-RRS-CBW, 2021 WL 1099588 at *2 (W.D. La. Mar. 19, 2021) (citing United States v. $100,641.06 U.S. Currency, No. CIV.A. 13-5566, 2014 WLU 6896035, at *4 (E.D. La. Dec. 8, 2014)). The requirement of strict compliance with the Rule forces claimants "to come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may ... resolve the dispute without delay" and it "minimizes the danger of false claims." U.S. Currency, 2021 WL 1099588 at *2 (citing United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141 (3rd Cir. 2003)).

Supplemental Rule G(b)(5) does not address the required contents of the answer, so Rule 8(b) of the Federal Rules of Civil Procedure applies. Rule 8(b)(1) states that a party responding to a pleading must "state in short and plain terms its defenses to

4

each claim asserted against it" and "admit or deny the allegations asserted against it."   Rule 8(b)(2) governs denials, requiring that "a denial must fairly respond to the substance of the allegation."   Rule 8(b)(3) states that a "party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds - may do so by a general denial."

Richard Hebert Jr. has been a putative claimant in similar civil forfeiture actions in the Western District and Eastern District of Louisiana.  He apparently continues to repeat the same conduct in failing to comply with the rules applicable to claims in civil forfeiture actions.  In the Western District, the court granted the United States' motion to strike and dismiss because Hebert did not file a verified claim with his answer within 35 days in compliance with Rule G(5), thus he lacked standing to assert a claim.  Hebert also failed to file a motion requesting an extension and he failed to present any argument in support of excusable neglect.  United States v. U.S. Currency, No. 6:20-CV-01295-RRS-CBW, 2021 WL 1099588 at *3 (W.D. La. Mar. 19, 2021).

As for the other forfeiture action pending in another Section of this Court, the Court denied Hebert's motion to dismiss because, although his answer was timely filed, it did not comply with the responsive pleading requirements of Rule 8 and, thus, failed to establish standing.  United States v. 2017 Lexus, No. 21-CV-00094-

GGG, 2021 WL 2647008 at *2 (E.D. La. June 28, 2021)(Guidry, J.)(noting that Rule 8 requires specific responses to the substance of the complaint's allegations and Hebert's answer only included a general denial of all allegations and the complaint of forfeiture). The Court also noted that Hebert was notified as to the defectiveness of his answer three times, and still failed to do amend it. Id.

The Court underscores that courts appear to uniformly demand strict compliance with Supplemental Rule G(5). See, e.g., United States v. $12,126 in U.S. Currency, 337 Fed. Appx. 818, 820 (11th Cir. 2009)(emphasizing that "claimants must adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action"); U.S. v. $29,410 in U.S. Currency, 600 Fed. Appx. 621, 623 (10th Cir. 2015)(affirming district court's order striking claim for failure to file an answer because the pro se claimant had actual notice and offered no reasonable explanation for failure to timely file); United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998)(holding that claimant's failure to give the Government notice of his opposition to forfeiture proceedings for over a year precludes him from challenging the forfeiture); United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1115 (5th Cir. 1992)(holding that claimant's bare assertion of ownership coupled with the government's admission that claimant was involved with the seized

*res* sufficed to establish standing, but affirming the district court's order striking the claimant's claim and answer for failure to timely file).

## II.

The government contends that Hebert's answer and claim should be struck as untimely and, alternatively, that his answer should be struck for failure to comply with the pleading requirements in Supplemental Rule G(5)(b) and Fed. R. Civ. P. Rule 8(b), and that his claim should be struck for failure to file a valid answer. The Court agrees.  Notice of civil forfeiture was sent to Hebert and Brookland Realty more than one year ago on October 26, 2020, which included a deadline to file a claim and specific directions for how to do so.  Despite receiving specific and ample notice, Hebert and Brookland Realty failed to comply with the straightforward requirements for filing a verified claim and answer for six months.

Courts grant leniency to *pro se* litigants, but this leniency has its limits.  As in the other cases in which Hebert was a putative claimant, Hebert and Brookland Realty were on notice throughout these and other proceedings that they must strictly comply with the verified claim and answer requirements and even received the specific requirements in the notice.  And in numerous prior Orders of this Court, Hebert and Brookland Realty were

7

reminded of the Rule G(5) requirements and admonished that they had failed to file an answer and claim as required.  Like the Western District held in a similar proceeding, Hebert failed to comply with Rule G(5) because of the failure to file an answer and verified claim within the 35 days required. Striking the claim and answer as untimely is thus warranted.

Even assuming Hebert had standing based on a bare assertion of ownership coupled with the government's allegation that he owns the defendant property, the government contends in the alternative that Richard Hebert's answer should be struck for the additional reason that it fails to comply with the requirements of Supplemental Rule G(5)(b) and Fed. R. Civ. P. 8(b).  The Court agrees and finds that Hebert's answer failed to comply with the pleading requirements.  Even when Hebert finally filed a purported answer far after the deadline passed, it did not comply with Rule G(5)(b) and Fed. R. Civ. P. 8(b), which require a party to specifically admit or deny the substance of the allegations contained in a complaint, unless he can in good faith deny all allegations, including the jurisdictional allegations.  General denials such as the one Hebert provided in his answer are permitted but only if a party acts in good faith and the denial includes all aspects of the complaint, including jurisdiction.  2017 Lexus, 2021 WL 2647008 at *2.  Here, Hebert's answer states that he "den[ies] all allegations and complaint of forfeiture" and asks

that the Court "dismiss all claims in complaint for failure to state a claim for relief."  Other than Hebert's response that the government lacks standing, the answer fails to specifically answer each allegation.   The general denial also functions to deny allegations regarding jurisdiction, venue, and the identity of the property, which Hebert cannot deny in good faith.  <u>See</u> <u>id.</u>  Like in the similar Eastern District case, Hebert failed to comply with the pleading requirements and, thus, his answer should be struck independent of its untimeliness.

Finally, even if the Court excused the tardiness of the claim and answer, because his answer should be struck for failure to comply with pleading requirements, the government submits that Richard Hebert's claim should be struck for the additional reason that he failed to file a valid answer.  Not only was Hebert's answer untimely, the Court has determined that it was likewise deficient in its failure to specifically deny certain allegations or generally deny them in good faith.  Supplemental Rule G(5) states that a claimant must file both a valid (and verified)[4] claim

---

[4] It is unclear whether the claim, although deemed "verified" by Hebert, is indeed verified as a matter of law.  All Hebert submits is a document he calls "Verified Claim" stating that he "is the claimant of the above assets under perjury of law," along with documents purporting to be from the Secretary of State, a document purporting to be an LLC annual report for Brookland Realty, and an illegible sheet of paper.   Regardless, the government has demonstrated that striking Hebert's purported answer and claim for failure to comply with Rule G and the applicable rule governing pleading is appropriate on this record.   Thus, it would appear

*and* answer.   Here, Hebert not only failed to file a timely answer or claim, he filed a defective answer.   Thus, because his answer was not valid and should be struck, his claim should be struck for this additional reason.

Accordingly, IT IS ORDERED: that the government's motion to strike is GRANTED.   The Clerk's Office shall STRIKE the claim and answer filed by Richard Hebert, Jr.

New Orleans, Louisiana, November 10, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

that there is nothing in the record beyond the government's allegations that would serve as a predicate to confer standing on Hebert to contest the forfeiture.